**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**WILLIE A. HODGES, SR.**                                                                               **PLAINTIFF**

**v.**                                                                                **CIVIL ACTION NO. 3:17-CV-54-RP**

**COMMISSIONER OF SOCIAL SECURITY**                                   **DEFENDANT**

**FINAL JUDGMENT**

This cause is before the Court on Plaintiff's Complaint under 42 U.S.C. § 405(g) and 1383(c)(3) for judicial review of an unfavorable decision of the Commissioner of the Social Security Administration regarding an application for a period of disability and disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provision of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The Court, having reviewed the record, the administrative transcript, the briefs of the parties, and the applicable law and having heard oral argument, finds as follows:

The ALJ's decision fails to address the medical evidence in the record from Plaintiff's treating physician Dr. Mary Ann Macy regarding Plaintiff's functional limitations, specifically Plaintiff's ability to stand and walk. Dr. Macy's medical opinions directly contradict the ALJ's residual functional capacity (RFC) finding that Plaintiff can stand and walk for six hours in an eight-hour workday. In unfavorable decisions, the ALJ is required to assign weight to a treating source's medical opinions and set forth the specific reasons for the weight given. SSR 96-2p (S.S.A.), 1996 WL 374188. Where an ALJ declines to accord "considerable weight" to the opinions and medical evidence of a treating physician, good cause must be shown for assigning less weight. *Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985).

The ALJ's decision altogether fails to address any medical evidence from Dr. Macy, much less the specific reasons for the ALJ's decision to omit from Plaintiff's RFC the limitations regarding Plaintiff's ability to stand and walk that Dr. Macy assigned. As such, the Court is unable to conclude that the ALJ's RFC finding that Plaintiff can stand and walk for six hours in an eight-hour workday is supported by substantial evidence.

For the reasons announced by the Court on the record at the conclusion of the parties' oral argument during a hearing held in this matter today, the ALJ's decision is reversed and remanded with instructions to reevaluate Plaintiff's RFC and then make step four and five determinations accordingly.

**SO ORDERED AND ADJUDGED**, this the 14th day of November, 2017.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE